UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NICOLE RUDDY**, <br><br> Plaintiff, <br><br> vs. <br><br> **ONLINE TECH, LLC**, <br><br> Defendant. | **18-CV-12972-TGB** <br><br><br> **ORDER ON COSTS AND ATTORNEY'S FEES** |

On December 13, 2019, upon the conclusion of oral argument, the Court granted Defendant's request for attorney's fees in connection with Defendant's motion to compel. ECF No. 22. Defendant was ordered to submit a bill of costs limited to the fees and costs incurred in connection with Defendant's motion to compel production of the documents requested in Defendant's third request for production. *Id.* On December 30, 2019, Defendant submitted a bill of costs. ECF No. 23. On January 13, 2020, Plaintiff submitted an opposition. ECF No. 24.

## I.     Costs Incurred

Defendant's Counsel states that upon review of his time sheets, he performed approximately six hours of work in connection with Defendant's motion to compel. ECF No. 23, PageID.345.

Because he is billing his client $225 per hour instead of his customary $300 per hour, he asks the Court to order Plaintiff's Counsel to reimburse his client for six hours of work at $225 per hour, totaling $1,350. *Id.* He does not ask for costs. The timesheets include entries for work performed (i) writing Defendant's motion to compel, (ii) Defendant's reply brief, (iii) Defendant's September 23, 2019 supplemental exhibit to the motion to compel, (iv) communicating with Plaintiff's Counsel over email regarding Plaintiff's repeated failures to produce the documents in question, and (v) preparation for and attendance at oral argument on the motion. *Id.* at PageID.345.

Plaintiff contends that Defendant's Counsel is not entitled to the fees specified because he "does not specify how much of each listed activity was devoted solely to the document production issue." ECF No. 24, PageID.348.

## II.   Standard of Review

Federal Rule of Civil Procedure 37(d)(3) provides that "instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to respond to a valid discovery request], unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## III. Discussion

For the reasons stated on the record at the December 13, 2019 hearing, the Court granted Defendant's motion to compel in part and sanctioned Plaintiff's Counsel under Rule 37(d)(3) for failing to timely respond to Defendant's third request for production of documents. Plaintiff asks the Court to reduce Defendant's $1,350 bill of costs further on the grounds that Defendant's Counsel did not state with specificity how much time he spent writing the sections of the motion to compel that dealt with the third request for production of documents as opposed to the other sections dealing with other issues. ECF No. 24, PageID.348-49.

The Court is not inclined to engage in further nitpicking.[1] The Court has reviewed the bill of costs submitted by Defendant's Counsel, which was submitted as a sworn affidavit, as well as Defendant's motion to compel, Defendant's reply and supplemental briefing, the email exchanges sent between counsel on the issue, and Defendant's Counsel's performance at oral argument. The

---

[1] In some instances, it is not clear how the Court could even do so. For example, Plaintiff's Counsel objects to paragraph (f) in the bill of costs, which states "[t]ravel to and attendance at hearing on December 13, 2019." ECF No. 23, PageID.345. Clearly, Defendant's Counsel's travel time to the hearing would be the same regardless of whether other subjects were discussed at the hearing. Similarly, the Court will not require Defendant's Counsel to make a further expenditure and order a transcript of the hearing so that he can conclusively determine how many minutes of the hearing were spent addressing Plaintiff's Counsel's failure to respond to Defendant's third request for production, as opposed to other matters.

3

Court finds that six hours is a reasonable amount of time spent addressing the issue. Additionally, a rate of $225 is a reasonable rate in this jurisdiction for an attorney with thirty years of experience.

Accordingly, the Court will order Plaintiff's Counsel to reimburse Defendant's Counsel $1,350 for costs incurred in connection with the motion to compel for failure to respond to Defendant's third request for production.

## IV. Conclusion

Pursuant to Rule 37(d)(3), Plaintiff's Counsel is ordered to reimburse Defendant's Counsel $1,350 for costs incurred in connection with the motion to compel for failure to respond to Defendant's third request for production.

**SO ORDERED.**

DATED this 10th day of June, 2020.

                        BY THE COURT:

                        /s/Terrence G. Berg
                        TERRENCE G. BERG
                        United States District Judge